

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-040-CR

TIMOTHY E. LONG                                                APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Timothy E. Long of aggravated sexual assault of a child under age fourteen and indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003), § 22.021(a)(2)(B) (Vernon Supp. 2008). Long pleaded true to the sexual offender notice enhancement allegation in the indictment, and the trial court sentenced him to life

---

[1] *See* Tex. R. App. P. 47.4.

imprisonment for the aggravated sexual assault offense and thirty-five years' confinement for the indecency offense.  In a single issue, Long argues that the State's attorney made improper jury argument at the guilt phase that substantially prejudiced his right to a fair trial.  Specifically, he complains that the following argument made by the State's attorney was intended to create a false impression in the minds of the jury and amounted to a comment on his decision not to testify:

> Now, Defense Counsel chose to put on a case.  She chose to put on the forensic interviewer.  And who she didn't call, was she did not show you anyone who could come up here - - no family member who could come up here and say he was a good man. You didn't hear anybody come up here and say he was incapable of doing this.

Long concedes that defense counsel did not lodge an objection to the complained-of argument, but he argues that the jury argument amounted to plain error.  It is well established that when a defendant fails to object to a jury argument or fails to pursue an objection to a jury argument to an adverse ruling, he forfeits his right to complain about the argument on appeal.  *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (reaffirming *Cockrell*); *Ladd v. State*, 3 S.W.3d 547, 569–70 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000); *Rousseau v. State*,

2

Nos. 11-07-00157-CR, 11-07-00158-CR, 2009 WL 141857, at *2 (Tex. App.—Eastland Jan. 22, 2009, pet. filed) (mem. op., not designated for publication) (applying *Cockrell* in appeal from convictions for aggravated sexual assault and indecency with a child). Because Long did not object to the State's argument, he failed to preserve this issue for appellate review. *See Cockrell*, 933 S.W.2d at 89. We overrule Long's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 20, 2009